

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL KAPPES, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION, and DOES 1-10, <br><br> Defendant(s). | Case No. 3:24-cv-07650 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §§ 1693, *et seq.*; <br> 2. VIOLATIONS OF NEVADA REVISED STATUTES §§ 104A.4101, *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs DANIEL KAPPES ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant") upon information and belief based upon personal knowledge:

**INTRODUCTION**

1.      Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"). Plaintiff further alleges that Defendant's conduct, as described herein, constitutes violations of Nevada Revised Statutes §§ 104A.4101, *et seq.* (the "UCC").

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant routinely holding consumers liable for unauthorized electronic fund transfers made out of their deposit accounts held with Defendant, thereby violating the EFTA, 15 U.S.C. § 1693g(a). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*

4.      Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.      Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant maintains its principal place of business within this judicial district.

**PARTIES**

6.      Plaintiff is a natural person residing in Reno, Nevada and is a "consumer" as defined by 15 U.S.C. §1693a(6).

7.      At all relevant times herein, Defendant, Wells Fargo Bank, National Association ("Defendant"), was a national bank with its headquarters in San Francisco, California.

8.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.     Plaintiff is informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10.    Plaintiff has maintained a checking account with Defendant since 1980.

11.    On March 12, 2024, a wire transfer in the amount of $25,000 was made from Plaintiff's checking account with Defendant.

12.    On March 13, 2024, another wire transfer in the amount of $25,000 was made from Plaintiff's checking account with Defendant.

13.    On March 14, 2024, Defendant contacted Plaintiff indicating that there was unusual activity on his checking account. Plaintiff immediately called Defendant and disputed the wire transfers.

14.    On March 15, 2024, another wire transfer in the amount of $25,000 was made from Plaintiff's checking account with Defendant.

15.    Defendant recalled this third wire transfer, and refunded $24,950 to Plaintiff.

16.    On March 21, 2024, Defendant sent Plaintiff a letter, which received on March 25, 2024, indicating that, despite the fact that it had flagged his account for unusual activity and refunded the third wire transfer, it believed that the first two wire transfers were authorized by Plaintiff, and he was therefore liable for them.

17.    Plaintiff did not authorize or initiate any such wire transfers.

18.    At no time was Plaintiff ever asked to authenticate or authorize any such wire transfers.  Plaintiff never received any verification codes from Defendant to authorize any wire transfers.

19.    Defendant has refused to refund Plaintiff the $50,000 that was fraudulent wired out of his checking account on May 12 and May 13, 2024.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States who had funds transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the four years prior to the filing of this Complaint.

21.    Plaintiff brings this action on behalf of himself and all others similarly situated, as members of a proposed subclass (hereafter "The Electronic Transfer Subclass") defined as follows:

> All persons in the United States who had funds electronically transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the four years prior to the filing of this Complaint.

22.    Plaintiff brings this action on behalf of himself and all others similarly situated, as members of a second proposed subclass (hereafter "The Wire Transfer Subclass," and collectively with the Electronic Transfer Subclass, "the Subclasses") defined as follows:

> All persons in Nevada who had funds transferred via wire transfer from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the four years prior to the filing of this Complaint.

23.    Plaintiff represents, and is a member of, The Class, consisting of all persons in the United States who had funds transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint.

24.    Defendant, its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

25.    The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

26.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

27.    There are questions of law and fact common to the Class affecting the

parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether Class Members authorized transfers from their deposit accounts held with Defendant;

    b. Whether Class Members authorized electronic transfers from their deposit accounts held with Defendant;

    c. Whether Class Members authorized wire transfers from their deposit accounts held with Defendant;

    d. Whether Class Members notified Defendant of unauthorized transfers from their deposit accounts held with defendant;

    e. Whether Defendant reimbursed Class Members for those unauthorized transfers;

    f. Whether such conduct constitutes a violation of the EFTA;

    g. Whether such conduct constitutes a violation of the UCC.

28.    As a person who had funds transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of The Class.

29.    Plaintiff represents, and is a member of, The Electronic Transfer Subclass, consisting of all persons in the United States who had funds electronically transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint.

30.    Defendant, its employees and agents are excluded from The Electronic Transfer Subclass.  Plaintiff does not know the number of members in The

Electronic Transfer Subclass, but believes the Electronic Transfer Subclass members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

31.    The Electronic Transfer Subclass is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Electronic Transfer Subclass members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe and thereon alleges that The Electronic Transfer Subclass includes hundreds, if not thousands, of members. Plaintiff alleges that The Electronic Transfer Subclass members may be ascertained by the records maintained by Defendant.

32.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Electronic Transfer Subclass is so numerous that joinder of its members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

33.    There are questions of law and fact common to the Electronic Transfer Subclass affecting the parties to be represented. The questions of law and fact to the Electronic Transfer Subclass predominate over questions which may affect individual Electronic Transfer Subclass members and include, but are not necessarily limited to, the following:

h.    Whether Electronic Transfer Subclass Members authorized electronic transfers from their deposit accounts held with Defendant;

i.    Whether Electronic Subclass Members notified Defendant of unauthorized transfers from their deposit accounts held with defendant;

j.    Whether Defendant reimbursed Electronic Subclass Members for those unauthorized transfers;

k.    Whether such conduct constitutes a violation of the EFTA;

l.   Whether such conduct constitutes a violation of the UCC.

34.   As a person who had funds electronically transferred from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but was not reimbursed by Defendant within the one year prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of The Electronic Transfer Subclass.

35.   Plaintiff represents, and is a member of, The Wire Transfer Subclass, consisting of all persons in Nevada who had funds transferred via wire transfer from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but were not reimbursed by Defendant within the one year prior to the filing of this Complaint.

36.   Defendant, its employees and agents are excluded from The Wire Transfer Subclass.  Plaintiff does not know the number of members in The Wire Transfer Subclass, but believes the Wire Transfer Subclass members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

37.   The Wire Transfer Subclass is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Wire Transfer Subclass members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Wire Transfer Subclass includes hundreds, if not thousands, of members.  Plaintiff alleges that The Wire Transfer Subclass members may be ascertained by the records maintained by Defendant.

38.   This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Wire Transfer Subclass is so numerous that joinder of its members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

39.    There are questions of law and fact common to the Wire Transfer Subclass affecting the parties to be represented.  The questions of law and fact to the Wire Transfer Subclass predominate over questions which may affect individual Wire Transfer Subclass members and include, but are not necessarily limited to, the following:

m. Whether Wire Transfer Subclass Members authorized wire transfers from their deposit accounts held with Defendant;

n. Whether Wire Subclass Members notified Defendant of unauthorized transfers from their deposit accounts held with defendant;

o. Whether Defendant reimbursed Wire Subclass Members for those unauthorized transfers;

p. Whether such conduct constitutes a violation of the UCC.

40.    As a person who had funds transferred via wire transfer from a deposit account held with Defendant who did not authorize such transfer, and who notified Defendant of such unauthorized transfer within sixty days but was not reimbursed by Defendant within the one year prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of The Wire Transfer Subclass.

41.    Plaintiff will fairly and adequately protect the interests of the members of The Class and Subclasses.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

42.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual

issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

43.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

44.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

45.    The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### (On Behalf of Plaintiff and the Class and Subclasses)

46.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.    The transfers from Plaintiff's account described herein were "unauthorized electronic fund transfer[s]" as defined by 15 U.S.C. § 1693a(12) because it was a transaction initiated through an electronic terminal by someone other than Plaintiff, without his actual authority to do so, and for which he received no benefit. At no time did Plaintiff provide any person with his banking information or online login information.

48.    15 U.S.C. § 1693g states that a consumer is not liable for any unauthorized electronic fund transfer unless such transfer was made using an accepted card for the account and the issuing institution has provided a means to identify the person using said accepted card.

49.    Here, the $50,000.00 transferred from Plaintiff's account was not made using an authorized method, because Plaintiff did not provide anyone with his login information for his online account, and therefore the transfers must have been initiated through some other means.

50.    Thus, Plaintiff is not liable for the unauthorized fund transfers and Defendant was required, pursuant to 15 U.S.C. § 1693g(a), to reimburse Plaintiff the $50,000.00 that was wrongfully withdrawn from his accounts.

51.    Moreover, 15 U.S.C. § 1693g(a)(1) limits liability of a consumer for an unauthorized electronic fund transfer to no more than $50.00 even when such unauthorized electronic fund transfer is made using an accepted method.  Thus, even if the transfers were initiated using an accepted method, Defendant was required to reimburse Plaintiffs $49,950.00.  Defendant did not do so.

52.    Plaintiff notified Defendant of the unauthorized electronic fund transfers within sixty days of receiving the statement for his account showing the unauthorized transfers.

53.    Defendant similarly failed to reimburse Class and Subclass Members and thus held them liable for unauthorized transfers above and beyond what is allowed under EFTA.

54.    Because Defendant failed to reimburse Plaintiff and the Class and Subclasses for the unauthorized electronic transfers, Defendant has violated 15 U.S.C. § 1693g, thereby entitling Plaintiffs and the Class to relief pursuant to 15 U.S.C. § 1693m.

## COUNT II:
## VIOLATION OF THE UCC
### (On Behalf of Plaintiff and the Class and Subclasses)

55.    The fraudulent transfers described herein constitute "payment order[s]" as defined by the UCC because they are instructions to a receiving bank to pay or cause another bank to pay a fix amount of money to a beneficiary, with

no condition to payment, reimbursed by payment from the sender, and such instructions were transmitted directly to Defendant.

56.    A payment order is authorized under the UCC only if it is authorized by the person providing the instructions to the bank, or authorized under common law agency principles.

57.    As described herein, the fraudulent transfers out of Plaintiff and Class Members' accounts were not authorized by them, nor were they authorized under common law agency principles.

58.    Moreover, Plaintiff alleges on information and belief that Defendant does not maintain or follow a commercially reasonable security procedure as required by Nev. Rev. Stat. § 104A.4202, subd. 2.  Certainly, Plaintiff never received any notice or verification codes related to any of the unauthorized wire transfers.

59.    Thus, pursuant to Nev. Rev. Stat. § 104A.4204, Defendant was required to reimburse Plaintiff and Class Members for the unauthorized transfers described herein, but did not.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant for the following:

   a.   This action be certified as a class action on behalf of the Class and Subclasses, and Plaintiff be appointed as representative of the Class and Subclasses;

   b.   Restitution of the funds taken from Plaintiff and Class and Subclass Members' accounts;

   c.   Any and all actual damages;

   d.   Statutory damages pursuant to EFTA;

   e.   Prejudgment interest at the legal rate;

f.  Attorneys' fees and costs; and

g.  All other relief this Honorable Court deems just and appropriate.

## **<u>TRIAL BY JURY</u>**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 4th Day of November, 2024.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    <u>/s/ Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff